Joseph Wooster, Respondent, v. The Forty-Second Street and Grand Street Ferry Railroad Company, Appellant.

Under the provision of the Code (§ 103) allowing a new action to be brought within a year after the reversal upon appeal of a judgment against plaintiff, in an action brought within the time prescribed by the statute of limitations in the marine and other inferior courts, when the judgment of the Marine Court is reversed by the General Term of the Court of Common Pleas of New York, and by authority of that court an appeal is taken to this court, the plaintiff is not required to bring his second action within a year after the reversal by the Common Pleas, but may await the final determination of the appeal to this court; and, in case the reversal is affirmed, may bring suit within a year thereafter.

(Argued December 10, 1877; decided December 18, 1877.)

Appeal from order of the General Term of the Court of Common Pleas of the city and county of New York, sustaining exceptions and setting aside a verdict in favor of defendant and granting a new trial.

This action was brought to recover damages for injuries to plaintiff's horse, alleged to have been occasioned by defendant's negligence. Defendant pleaded the statute of limitations.

The facts appearing in reference thereto are sufficiently stated in the opinion. The court directed a verdict for defendant. Exceptions were ordered to be heard at first instance at General Term.

*Moses Ely*, for appellant. This action was barred by the statute of limitations, not having been brought within one year after the reversal of the judgment in the former action. (Code, § 104.) The reversal of the judgment by the General Term was complete and final, and not affected by the subsequent appeal. (Code, §§ 105, 335; *Ellert* v. *Kelly*, 4 E. D. S., 12; *Groshom* v. *Lyon*, 16 Barb., 461–466; *Stowell* v. *Chamberlain*, 60 N. Y., 572–576.) The General Term erred in assuming that the dismissal in the Marine

Court was on the merits. (*Harrison* v. *Wood,* 2 Duer, 50; *Tattersall* v. *Hass,* 1 Hilt., 56; *Dexter* v. *Clark,* 35 Barb., 271; *Coit* v. *Beard,* 33 id., 357; *People* v. *Vilas,* 36 N. Y., 459; *Wheeler* v. *Rackman,* 51 id., 391; *Stowill* v. *Hazlett,* 57 id., 637; *Hall* v. *Erwin,* id., 643.)

*Chas. H. Winfield* and *Edmund Yennie,* for respondent. This action was not barred, having been brought within one year from the reversal of the judgment in the former action. (Code, § 104; 2 R. S., 298, § 33; *Lang* v. *Fatheree,* 7 S. & M., 404; *McQueen* v. *Babcock,* 41 Barb., 337; 33 How., 617; *Berrien* v. *Wright,* 26 Barb., 208.) The judgment in the former action was not consummated until the final decision of the appellate court. (Code, §§ 104, 105, 339; 1 Pet., 202; *Gardener* v. *Buckbee,* 3 Cow., 120; *Ehle* v. *Bingham,* 7 Barb., 494; *Young* v. *Rumrill,* 2 Hill, 478.)

Andrews, J. This action was commenced December 4, 1872, in the Court of Common Pleas of the city and county of New York, and the cause of action accrued April 24, 1864, more than six years before, and the sole question is whether the action was barred by the statute of limitations. The action was brought within one year after the affirmance by this court of the judgment of the Court of Common Pleas rendered November 16, 1869, reversing the judgment of the Marine Court dismissing the plaintiff's complaint in a former action between the same parties, brought for the same cause of action within the six years. The appeal to this court in the first action was taken by the defendant, after obtaining an order from the Common Pleas allowing the appeal. He now insists that, in order to prevent the running of the statute, a new action must have been brought within one year after the reversal by the Common Pleas of the Marine Court judgment in the first action.

The question depends upon the construction to be given to section 104 of the Code. In actions brought in the Marine and other inferior courts, where the plaintiff obtains judgment, and the judgment is reversed on appeal, no *venire de*

*novo* is awarded by the appellate court, and the only remedy of the plaintiff, if he desire to further prosecute the claim, is to bring a new action. Section 104 was designed to save the cause of action, when at the time of the reversal more than six years had elapsed from the time it accrued, provided the action in which the reversal was had was brought within the period limited by the general statute. It, therefore, allows a new action to be brought in such a case within one year after the reversal. The point here is, was the plaintiff bound to bring his second action within a year after the reversal by the Common Pleas, or could he await the final determination of the defendant's appeal to this court, and, in case the reversal was affirmed, bring his second action within a year thereafter? We think the statute, by a reasonable interpretation, gives him the right to bring the new action within a year after the affirmance in this court. It was the final reversal of the judgment originally rendered. The defendant, by his appeal to this court, sought to maintain the judgment of the Marine Court and to set aside the reversal by the Common Pleas. He compelled the plaintiff to continue the contest by a second appeal, and whether the judgment of the trial court would finally be reversed, depended upon the judgment which should be rendered by this court. If the plaintiff had succeeded in both the lower courts, and the defendant had obtained a reversal in this court, the plaintiff clearly would have had the right to bring a new action within a year after such reversal. It would be an inconvenient construction to hold that the plaintiff, in a case like this, must bring a second action while the appeal to this court in the first action is pending, in order to save his cause of action from being barred by the statute. The judgment of this court might, and in many cases would, determine the right of the parties in the controversy, and prevent further costs and litigation. We think this order should be affirmed.

All concur, except Rapallo, J., absent.

Order affirmed, and judgment absolute against defendant on stipulation.