ISRAEL T. DEYO et al., Respondents, *v.* CHARLES I. HUDSON et al., as Copartners under the Firm Name of C. I. HUDSON & Co., Appellants.

(Submitted April 28, 1919; decided May 20, 1919.)

MOTION for re-argument.    (See 225 N. Y. 602.)

*Nathan L. Miller* and *John Godfrey Saxe* for motion.

*Harvey D. Hinman* opposed.

*Per Curiam.*    Counsel for the moving party asserts that this court has misapprehended the nature of plaintiffs' action, overlooked material evidence and controlling decisions and misapplied legal principles in deciding the appeal.

On three points the opinion will be somewhat amplified in order to state explicity that which might without difficulty have been inferred.

*First.* It is urged on this motion that the action may be considered as one to trace trust funds as well as an action to recover for deceit. If this theory is to prevail, the case has been tried under a misapprehension of its nature and much that is said in the opinion is inapplicable. But no such mistake has been made. The judgment cannot be sustained on that theory. No escape is possible from the conclusion that deceit is the gist of the action. The complaint alleges in one of its concluding paragraphs that plaintiffs were injured " by reason of the defendants' false and fraudulent representations and of all the facts

hereinbefore set forth." Counsel said in his opening to the jury " the basis of the action is fraud and deceit." The trial justice said in his opinion: " this action is based on fraud." The learned justice who wrote for plaintiffs in the Appellate Division said: " the action is for fraud and deceit." The action stands or falls on the false representations of defendants' agent. If the action had been brought on the theory that defendants received the stolen money with notice that it belonged to plaintiffs' clients, the issue would not have been confused. It would have been plainly stated in the complaint, made clear to the court and submitted to and decided by the jury. It is now too late to plead that because some of the allegations of the complaint and some of the items of proof may belong properly to an action to trace stolen moneys, the basis of this action may now be abandoned and the plaintiffs permitted to adopt another theory of the case.

*Second.* It is argued that the questions of proper care and proximate cause were for the jury. The inferences to be drawn from plaintiffs' facts are not doubtful. The evidence of freedom from fault and legal causation was insufficient not unsatisfactory merely. *Queeney* v. *Willi* (225 N.Y. 374, 379), which counsel insists we overlooked, made no change in the rule which requires the plaintiff to prove his case. It was an action to recover damages for negligence and dealt only with direct cause and immediate effect. The opinion correctly stated the rule for submission of questions of fact to a jury. We said there that " courts should not speak too confidently in determining as matter of law what facts may be ignored by prudent people whose duty it is to be reasonably careful for the personal safety of others." Courts may well speak more confidently when dealing with the duty of lawyers to their clients in the protection of property rights. In *Bird* v. *St. Paul F. & M. Ins. Co.* (224 N. Y. 47), cited in our opinion, we held as matter of law that a fire was not the proximate cause of an explosion, although the fire was a distant cause without which there would

have been no explosion. The principles applied in disposing of these questions are familiar to the members of the legal profession.

*Third.* It is finally urged that great injustice was done because a new trial was not granted. This court said in *Ruback* v. *McCleary, Wallin & Crouse* (220 N. Y. 188, 191) that " there is no authority for directing a new trial after a motion for a nonsuit has been [properly] granted. There then remains nothing to try." The dismissal of the complaint herein was not on the merits. Plaintiffs may maintain a new action for the same cause of action within a year after the final determination of the appeal in this court. (Code Civ. Pro. § 405; *Wooster* v. *Forty-second St. & G. St. Ferry R. R. Co.*, 71 N. Y. 471.) This principle also is elementary and well understood.

The other points are fully discussed in the principal opinion.

Motion denied, with ten dollars costs and necessary printing disbursements.