*903 OPINION.
MuRdock:
It is difficult to understand from the pleadings, testimony and argument of the petitioner just what the real situation is. *904 We hesitate to discuss one of the arguments advanced by the petitioner to the exclusion of the others lest it appear that we have based our decision upon the failure of the one line of reasoning, and yet to discuss all of the petitioner’s arguments would lead us fruitlessly into abstract theorization. The decision of the case is not difficult, and does not justify an extensive discussion. The petitioner has not advanced and we can not think of any sound argument, supported by sufficient facts in evidence, which would justify a change in the Commissioner’s determination.
Bearing in mind the facts in this case which show that the securities which were taken belonged not to the petitioner, but to his clients, and that the petitioner’s loss was not sustained at the time of the wrongdoing, but only at the time when he was required to pay out money, and that he reported his income on the cash receipts and disbursements basis, we see no reason to disturb the Commissioner’s determination inasmuch as it appears that any money which the petitioner paid out in the year 1920 as the result of his partner’s peculations would not exceed the amount of money which he received in 1920 from the settlement of his claims against others, arising from his partner’s wrongdoing. The money which he received from the settlement of these claims does not seem to have been included in his income for the year. We are led to this conclusion after consideration of the petitioner’s testimony and the Commissioner’s deficiency notice. Therefore, if we were to allow any loss deduction, it would be necessary to add at least a like amount to income and the deficiency would not be reduced.
Reviewed by the Board.

Judgment will be entered for the respondent.

Marquette, Sternhagen, Trussell, Green, Phillips, Van Fos-san, and Milliken dissent.