■ COHOES HOUSING AUTHORITY, Respondent, v IPPOLITO-LUTZ, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 25, 1977 in Albany County, which denied defendant's motion to dismiss the complaint. In 1963, defendant, Ippolito-Lutz, Inc., commenced an action against plaintiff, Cohoes Housing Authority, seeking damages in the amount of $320,000 for contract balances due, retainages and extras. In that action the instant plaintiff interposed an answer which included two counterclaims for liquidated damages and failure in performance of the contract. Delayed pretrial procedures in this 1963 action culminated in an order of Special Term striking the answer in that action and granting judgment to Ippolito-Lutz, Inc., for the amount demanded in its complaint (CPLR 3126). Thereafter, this court unanimously affirmed the order and judgment, without opinion, the Court of Appeals denied leave to appeal on November 20, 1975 and finally the United States Supreme Court denied a writ of certiorari on April 5, 1976. The instant action was commenced on May 13, 1976. Both parties agree that the present complaint contains the same allegations contained in the counterclaims interposed in the previous action. The defendant moved to dismiss the complaint upon the ground that the matter has been previously finally determined and, accordingly, the complaint is barred by *res judicata* or that the complaint is not timely. Special Term rejected both contentions. We find it unnecessary to consider the question of *res judicata* as it is apparent that the complaint must be dismissed as untimely. It is undisputed that the applicable Statute of Limitations for the causes of action in the complaint expired long before the action was commenced unless it has been tolled by the provisions of CPLR 205 (subd [a]) which provides, in pertinent part, as follows: "New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination." *Assuming* for present purposes that the counterclaims were not dismissed as the result of a default in the prosecution by plaintiff, the defendant quite appropriately notes with insistence that this action was commenced many years after the counterclaim pleading was stricken by order dated May 22, 1967. Special Term found that the action did not terminate until the Court of Appeals denied leave to appeal. There is authority that an action, which is appealed, is not terminated within the meaning of CPLR 205 (subd [a]) *(Buchholz v United States Fire Ins. Co.,* 269 App Div 49, 51 [considering former Civ Prac Act, § 23]) until the determination of the appeal. However, in the present case the rights of the plaintiff—then defendant—terminated upon the prior unanimous affirmance by this court on June 26, 1975 of the order of Special Term dismissing its pleading *(Ippolito-Lutz v Cohoes Housing Auth.,* 48

AD2d 1018). As noted by Special Term in the case of *Dinerman v Sutton* (45 Misc 2d 791, 792), it is not the purpose of the statute to permit a party to extend the time to commence a new action by merely taking appellate action. The grant of a motion for leave to appeal would result in a continuance of an otherwise terminated proceeding; however, the motion does not otherwise affect the termination of the matter appealed. For the foregoing reasons, this proceeding was untimely commenced. Order reversed, on the law, with costs to defendant, and complaint dismissed. Kane, J. P., Main, Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to affirm.