[33 NE3d 1270, 12 NYS3d 1]

Eileen Malay, Appellant, v City of Syracuse et al., Respondents.

Argued March 25, 2015; decided May 14, 2015

## POINTS OF COUNSEL

*O'Hara, O'Connell & Ciotoli*, Fayetteville (*Frank S. Gattuso* of counsel), for appellant. I. CPLR 205 (a) is to be liberally construed. (*Wooster v Forty-Second St. & Grand St. Ferry R.R. Co.*, 71 NY 471; *People ex rel. Nolan v Prendergast*, 88 Misc 307, 169 App Div 959; *People ex rel. Lehigh Val. Rail Way Co. v Clover*, 174 Misc 888; *Matter of Morris Invs. v Commissioner of Fin. of City of N.Y.*, 69 NY2d 933; *Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160.) II. CPLR 205 (a) has long been interpreted as preserving legitimate causes of action while promoting judicial economy. (*Wooster v Forty-Second St. & Grand St. Ferry R.R. Co.*, 71 NY 471; *People ex rel. Nolan v Prendergast*, 88 Misc 307, 169 App Div 959; *Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014.) III. The decisions of the courts below contradict the Court of Appeals' holding that termination pursuant to CPLR 205 (a) occurs when a plaintiff has exhausted her rights to the litigation. (*People v Bing*, 76 NY2d 331; *People v Taylor*, 9 NY3d 129; *Payne v Tennessee*, 501 US 808; *Hanover Ins. Co. v U.W. Marx, Inc.*, 238 AD2d 772; *Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014; *Maki v Grenda*, 224 AD2d 996; *Cenven, Inc. v Bethlehem Steel Corp.*, 41 NY2d 842; *People v Taylor*, 9 NY3d 129; *Matter of Eckart*, 39 NY2d 493; *Dinerman v Sutton*, 45 Misc 2d 791.) IV. Decisions of the courts below would compel plaintiffs to litigate identical claims in different forums and subject them to dismissal. (*American Express Travel Related Servs. Co., Inc. v Zalmen Reiss & Assoc., Inc.*, 31 Misc 3d 1226[A], 2011 NY Slip Op 50862[U].) V. The Appellate Division did not follow its own reasoning in its previous *Maki v Grenda* (224 AD2d 996 [1996]) decision.

*Robert P. Stamey, Corporation Counsel*, Syracuse (*Ann M. Alexander* of counsel), for respondents. Plaintiff's complaint is

time-barred; plaintiff's federal claims were summarily dismissed and plaintiff failed to commence the instant state action within six months of the date of judgment as required by CPLR 205 (a). (*Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511; *Trinidad v New York City Dept. of Corr.*, 423 F Supp 2d 151; *Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014; *Cohoes Hous. Auth. v Ippolito-Lutz, Inc.*, 65 AD2d 666, 49 NY2d 961; *Gesegnet v Hyman*, 285 AD2d 719; *Dinerman v Sutton*, 45 Misc 2d 791; *Cook v Deloitte & Touche USA*, 13 Misc 3d 1203[A], 2006 NY Slip Op 51675[U]; *Maki v Grenda*, 224 AD2d 996; *Bender v Peerless Ins. Co.*, 36 AD3d 1120; *Matter of Sean W. [Brittany W.]*, 87 AD3d 1318.)

## OPINION OF THE COURT

Fahey, J.

In *Lehman Bros. v Hughes Hubbard & Reed* (92 NY2d 1014, 1016-1017 [1998]), this Court held that a prior action terminates for purposes of CPLR 205 (a) when an appeal taken as of right is exhausted. We are now asked to decide when a prior action terminates where an appeal is taken as of right but is dismissed by the intermediate appellate court due to the plaintiff's failure to perfect the appeal. We hold that in such a situation, the prior action terminates for the purposes of CPLR 205 (a) when the intermediate appellate court dismisses the appeal, not when the underlying order appealed from is entered.

### I.

In March 2007, the owner of the building at 303 Gere Avenue in Syracuse shot his wife and took his relatives hostage. Plaintiff lived in an apartment in the building and was home at the time, but she was initially unaware of the hostage situation. During the ensuing standoff, police officers fired CS gas canisters into the building, including into plaintiff's apartment. Plaintiff called 911, and she was able to leave her apartment safely. She later alleged that she suffered lasting injuries due to the gas exposure and loss of her personal property due to the contamination of her apartment. She was never allowed to return to the property.

In June 2008, plaintiff commenced an action in the United States District Court for the Northern District of New York, alleging violations of her federal and state constitutional rights and asserting common-law negligence claims. The District

Court initially dismissed plaintiff's claims under the Fifth Amendment of the United States Constitution, her claims under the New York Constitution, and her claims against one named defendant (*see* 638 F Supp 2d 303 [ND NY 2009]). After discovery, defendants moved for summary judgment. On September 30, 2011, the District Court granted defendants' motion and dismissed plaintiff's remaining federal claims (*see* 2011 WL 4595201, 2011 US Dist LEXIS 112520 [ND NY, Sept. 30, 2011, No. 5:08-CV-0599 (GHL)]). The court declined to exercise jurisdiction over plaintiff's remaining state law claims. Plaintiff's motion for reconsideration was denied.

Plaintiff then took an appeal as of right to the United States Court of Appeals for the Second Circuit and, in May 2012, appeared at a conference in that court. However, on June 26, 2012, the Second Circuit issued an order stating that plaintiff's appeal was in default because plaintiff had failed to file her brief and appendix within the deadline. The Second Circuit ordered that plaintiff's appeal would be dismissed effective July 10, 2012 if her brief and appendix were not filed by that date. Plaintiff failed to file her brief and appendix by the extended deadline and, by mandate issued on August 28, 2012, the Second Circuit dismissed plaintiff's appeal, effective July 10, 2012.

On June 25, 2012, however, before the Second Circuit dismissed her appeal, plaintiff commenced the present action in Supreme Court, Onondaga County. In a pre-answer motion, defendants moved to dismiss plaintiff's state action as untimely. Defendants contended that because plaintiff commenced her state action nearly nine months after the District Court's September 30, 2011 order, the six-month tolling period provided by CPLR 205 (a) had already expired.

Plaintiff responded that her federal action did not terminate until July 10, 2012, when the Second Circuit dismissed her appeal, and therefore her state action was filed before her federal action terminated. Plaintiff's attorney asserted that after participating in the pre-briefing conference, plaintiff determined that pursuit of her Second Circuit appeal was strategically unwise, based on her small chance of success on that appeal and a comparison of the "time it would take for the appeal to be decided versus the time it would take to have the state negligence claims placed on a trial calendar with discovery already complete."

Supreme Court granted defendants' motion to dismiss, holding that plaintiff's federal action terminated on September 30, 2011, upon the District Court's order granting summary judgment to defendants. The court rejected plaintiff's contention that her federal action terminated with the Second Circuit's dismissal of her appeal, reasoning that when an appeal is dismissed due to default, the six-month grace period of CPLR 205 (a) begins to run on the date that the order appealed from was entered. The Appellate Division affirmed without writing (113 AD3d 1141 [4th Dept 2014]). This Court granted plaintiff leave to appeal (23 NY3d 902 [2014]). We now reverse.

## II.

"Tracing its roots to seventeenth century England, the remedial concept embodied in CPLR 205 (a) has existed in New York law since at least 1788" (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d 52, 56 [2007]). The statute and its predecessors were "designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits" (*Gaines v City of New York*, 215 NY 533, 539 [1915]), by "remedying what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action" (*Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511, 521 [2009], *rearg denied* 14 NY3d 756 [2010]). The statute's "broad and liberal purpose is not to be frittered away by any narrow construction" (*Gaines*, 215 NY at 539).

In its current form, CPLR 205 (a) provides:

> "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

In *Lehman Bros.*, this Court addressed the point of termination of a prior action where the plaintiff's appeal to a Texas in-

termediate appellate court was decided on the merits and the plaintiff thereafter unsuccessfully sought discretionary appellate review. We held that the plaintiff's prior action terminated for the purposes of CPLR 205 (a) on the date that the plaintiff's "sole nondiscretionary Texas appeal was exhausted," that is, the date that the Texas intermediate appellate court affirmed the dismissal of the Texas action (*see* 92 NY2d at 1016-1017). We rejected the view that the commencement of the six-month tolling period was forestalled by the plaintiff's request for a rehearing from the intermediate appellate court, or by the plaintiff's efforts to seek discretionary appellate review from the Texas Supreme Court and the United States Supreme Court, noting that "[i]t is not the purpose of CPLR 205 (a) to permit a party to continually extend the statutory period by seeking additional discretionary appellate review" (*id.* at 1016). We held however, that "[b]y contrast, where an appeal is taken as a matter of right, or where discretionary appellate review is granted on the merits, the six-month period does not commence since termination of the prior action has not yet occurred" (*id.*).

The *Lehman Bros.* decision followed previous decisions of this Court holding that a prior action terminates for purposes of CPLR 205 (a) upon the order of the intermediate appellate court when an appeal is taken as of right, or, when discretionary appellate review is granted on the merits, upon the order of the appellate court that granted discretionary review (*see 423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 486 [1986], *cert denied* 481 US 1008 [1987]; *Cohoes Hous. Auth. v Ippolito-Lutz, Inc.*, 49 NY2d 961, 962 [1980], *affg on op below* 65 AD2d 666 [3d Dept 1978]; *Wooster v Forty-Second St. & Grand St. Ferry R.R. Co.*, 71 NY 471, 473 [1877]). Since *Lehman Bros.* was decided, we have reiterated that " 'termination' of the prior action occurs when appeals as of right are exhausted" (*Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 519 [2005]), or, when discretionary appellate review is granted, upon "final determination" of the discretionary appeal (*Joseph Francese, Inc. v Enlarged City School Dist. of Troy*, 95 NY2d 59, 64 [2000]).

Those cases involved appellate court decisions on the merits, however, and this Court has not addressed the issue of when a prior action terminates for purposes of CPLR 205 (a) where, as here, an appeal is taken as of right but is dismissed by the intermediate appellate court due to the plaintiff's failure to

perfect. We resolve that question now by adhering to the *Lehman Bros.* decision and holding that, where an appeal is taken as of right, the prior action terminates for purposes of CPLR 205 (a) when the nondiscretionary appeal is truly "exhausted," either by a determination on the merits or by dismissal of the appeal, even if the appeal is dismissed as abandoned.*

## III.

This interpretation of CPLR 205 is in keeping with the statute's remedial purpose of allowing plaintiffs to avoid the harsh consequences of the statute of limitations and have their claims determined on the merits where, as here, a prior action was commenced within the limitations period, thus putting defendants on notice of the claims (*see Goldstein*, 13 NY3d at 521; *Gaines*, 215 NY at 539). In interpreting the statute, we are also mindful of judicial economy. Defendants acknowledge that attorneys routinely file notices of appeal from adverse determinations as a matter of course, and defendants posit no reasonable basis for their concern that plaintiffs will be motivated to unduly delay making a determination regarding whether to pursue their appeal or commence a new action. To the contrary, plaintiffs are generally motivated to obtain a determination on the merits in their favor as quickly as possible. Indeed, plaintiff here did not even wait until the Second Circuit's order of dismissal was rendered before commencing her action in state court. Rather, after the pre-briefing conference, plaintiff decided to commence a state court action due, in part, to her realization that the state negligence claims would be resolved much more quickly if she commenced the new action.

Defendants' concern that this interpretation of the statute will encourage plaintiffs to take frivolous appeals as of right that they have no intention of perfecting, while not unreasonable, is similarly overblown. A plaintiff who engages in such behavior would not be able to do so for long, inasmuch as the dismissal of the nondiscretionary appeal due to failure to perfect generally would foreclose any subsequent appeal of the same issues (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 755-756 [1999]). Furthermore, the intermediate appellate court presumably would not vacate the dismissal of the appeal without a compelling reason to do so.

---

* Whether the Second Circuit's dismissal of plaintiff's appeal constituted a "voluntary discontinuance" or a "neglect to prosecute" within the meaning of CPLR 205 (a) is an issue not preserved for our review. We therefore express no opinion with respect to the correct resolution of that issue.

Defendants contend that plaintiff was not required to choose between commencing her state action within six months of the District Court's order or pursuing her appeal in the Second Circuit to a decision on the merits. Rather, defendants claim, plaintiff could have pursued her Second Circuit appeal and simultaneously commenced a state action, in order to protect her rights if she later decided to forgo her appeal. Defendants assert that, according to plaintiff's interpretation of CPLR 205 (a), she did, in fact, commence her state action while her federal action was still pending, because the Second Circuit had not yet dismissed her appeal.

We reject defendants' contention that plaintiffs should commence new actions while appeals on their prior actions are pending if there is any chance they might decide to forgo pursuit of their appeals. In such a situation, the new action would be subject to dismissal pursuant to CPLR 3211 (a) (4), which allows for dismissal in the court's discretion when "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." Moreover, requiring a plaintiff to commence a new action while an appeal on the prior action is pending would be wasteful of the limited time and resources of courts and litigants, inasmuch as the appeal "might, and in many cases would, determine the right of the parties in the controversy, and prevent further costs and litigation" (*Wooster*, 71 NY at 473). Defendants' contention that there was not another action pending on the same cause of action in this case because plaintiff appealed to the Second Circuit only the dismissal of her federal claims and expressly abandoned her state law claims is unsupported by the record.

Accordingly, the order of the Appellate Division should be reversed, with costs, and defendants' motion to dismiss the complaint denied.

Chief Judge LIPPMAN and Judges READ, PIGOTT, RIVERA, ABDUS-SALAAM and STEIN concur.

Order reversed, with costs, and defendants' motion to dismiss complaint denied.