U.S. Bank National Association, solely in its capacity as Trustee of the ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES AMQ 2006-HE7 (ABSHE 2006-HE7), Plaintiff,

against
DLJ Mortgage Capital, Inc., and AMERIQUEST MORTGAGE COMPANY, Defendants.


654147/12

Counsel for the Plaintiff: David J. Abrams, David J. Mark, Nadia Klein, Marc E. Kasowitz, and Hector Torres of Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019
Counsel for the Defendant: Barry S. Levin, Darren S. Teshima, Jennifer C. Lee, John Ansbro, Richard A. Jacobsen, Paul F Rugani, and Daniel Robertson of Orrick, Herrington & Sutcliffe, LLP, 51 West 52nd Street, New York, New York 10019


Marcy Friedman, J.

This is a residential mortgage-backed securities (RMBS) breach of contract action in which plaintiff Trustee, U.S. Bank National Association (US Bank), sues defendant DLJ Mortgage Capital, Inc. (DLJ), the Sponsor of the securitization, and defendant Ameriquest Mortgage Company (Ameriquest), the Originator of the loans, for breaches of representations and warranties regarding the quality and characteristics of the loans. In the agreements governing this securitization, Ameriquest made representations and warranties regarding the mortgage loans, and DLJ agreed to serve as what is colloquially known as a "backstop" to Ameriquest — that is, to repurchase loans as to which representations and warranties were breached, in the event Ameriquest was "unable" to comply with its repurchase obligations.
DLJ moved to dismiss the action, pursuant to CPLR 3211, on the ground, among others, that the action was barred by the statute of limitations as a result of the failure of plaintiff Trustee to make a repurchase demand on Ameriquest prior to commencement of the action or the expiration of the statute of limitations. By decision and order dated March 24, 2015 (2015, NY Slip Op 30424, 2015 WL 1331268, No. 654147/12] [prior decision]), this court dismissed the action without prejudice. Defendant DLJ moves for reargument, claiming that the action should have been dismissed with prejudice.
The facts and terms of the governing agreements are discussed in detail in the prior decision, and will not be repeated here. The prior decision held, as here relevant, that the Pooling and Servicing Agreement [*2](PSA), between and among DLJ, the Trustee, and others, expressly conditioned DLJ's backstop repurchase obligation on the Trustee's making of a repurchase demand on Ameriquest prior to the Trustee's commencement of an action against DLJ (id. at * 9-10); that this repurchase demand was a condition precedent that was not complied with prior to the commencement of the action against DLJ or prior to the expiration of the statute of limitations (id. at * 7-8, 10-11); and that, although the Trustee made a repurchase demand on Ameriquest subsequent to the commencement of the action, and the time for compliance with the demand lapsed prior to the Trustee's filing of an amended complaint, the relation-back doctrine was not available to correct the defect in the commencement of the action caused by the failure to fulfill this condition precedent prior to the commencement. (Id. at * 11.) The prior decision also rejected DLJ's claim that the failure to satisfy the repurchase demand condition precedent rendered the action untimely, and dismissed the action without prejudice. (Id. at * 7-8.)
The prior decision concluded that a bona fide issue existed as to whether the Trustee was entitled to commence a new action under the CPLR 205 (a) savings provision, which permits refiling of an action that is "timely commenced" and is not "terminated" by a final judgment on the merits or on other specified grounds. The decision also held that the issue of whether filing under this statute is permissible should be decided on a fully developed record in the event a new action is commenced. (Id. at * 15.)
In seeking leave to reargue its motion to dismiss, DLJ again contends that the action should have been dismissed with prejudice because the Trustee's claims are "untimely" as a result of its failure to satisfy the repurchase demand condition precedent to suit against DLJ. DLJ claims that this court misapprehended the import of the decision of the Court of Appeals in ACE Securities Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc. (25 NY3d 581 [2015] [ACE]), which determined issues of widespread importance in the RMBS litigation regarding the statute of limitations for a breach of contract claim against a sponsor under a repurchase protocol. (See D.'s Memo. In Supp. at 1-5.)
Leave to reargue is granted and, upon reargument, the court adheres to its prior determination that this action should be dismissed without prejudice. In a decision also issued on this date, Ace Securities Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc. (Index No. 651854/14, Mar. 29, 2016 [ACE IV]), this court determined a motion to dismiss a newly filed breach of contract action in ACE. The action was filed, purportedly pursuant to CPLR 205 (a), while the appeal from the dismissal of the first action was pending in the Court of Appeals. In moving to dismiss, the defendant Sponsor argued, among other things, that the first ACE action was not timely.
This court's decision in ACE IV extensively discussed the Appellate Division and Court of Appeals' decisions holding that the trial court should have dismissed the first ACE action.[FN1]
In brief, the ACE IV decision found, based on the express language of the Court of Appeals' decision, that the Court of Appeals upheld dismissal of the first ACE action based on the failure to satisfy a repurchase demand condition precedent to suit against the Sponsor prior to commencement of the action. The ACE IV decision concluded that the Court of Appeals' condition precedent dismissal was not a statute of limitations dismissal or, put another way, was not a determination that the first action was untimely commenced because the repurchase demand condition precedent was not satisfied — i.e., the cure and repurchase periods did not lapse — prior to the commencement of the action or the expiration of the statute [*3]of limitations. (Id. at 12-14.) Rather, as further discussed in ACE IV, the Court of Appeals' condition precedent dismissal was a determination that the condition precedent to suit was not fulfilled within the limitations period, with the consequence of that non-fulfillment to be determined on a developed record at a later stage in the litigation. (Id. at 14.)
After reviewing an extensive body of law under CPLR 205 (a) on the effect of condition precedent dismissals on the timeliness of a first action, the ACE IV decision further concluded that CPLR 205 (a) was not rendered unavailable because the repurchase demand condition precedent was not satisfied within the limitations period. More particularly, the ACE IV decision contrasted the ACE repurchase demand condition precedent with conditions precedent that establish a time restriction on commencement of the action "rather than, or in addition to, a Statute of Limitations" (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 378, 379 [1999]), or that impose a deadline (i.e., date certain) by which the conditions precedent must be satisfied. Under the cases discussed in the ACE IV decision, such conditions precedent must be satisfied within their stated time limits in order for refiling under CPLR 205 (a) to be permitted. The repurchase demand condition precedent in ACE did not specify either a restriction on the time for commencing a breach of contract action or a deadline for its satisfaction. (ACE IV at 25, 27.) As elaborated in the ACE IV decision, the cases have repeatedly found actions timely for purposes of CPLR 205 (a), and permitted refiling, where the first actions have been dismissed for failure to comply with conditions precedent analogous to that in ACE. (See ACE IV at 16-27.)
Like the defendant Sponsor in ACE IV, DLJ argues that this action is untimely because the repurchase demand was not satisfied — i.e., the 90-day cure and repurchase periods did not lapse — prior to the expiration of the statute of limitations. (D.'s Memo. In Supp. at 2-3. ["Once Plaintiff failed to notify Ameriquest of an alleged breach at least 90 days prior to the six-year anniversary of the closing of the transaction, Plaintiff's ability to sue either Ameriquest or DLJ for breach of contract expired. Plaintiff's claims thus should have been dismissed with prejudice for failing to comply with the statute of limitations"]; see ACE IV at 9, n 3 [quoting PSA repurchase demand protocol which provided for Sponsor's cure or repurchase of breaching loans within 60 and 90 days, respectively, of notice of breaches].)[FN2]

Like the defendant Sponsor in ACE IV, DLJ reads the Court of Appeals' ACE decision as holding that the plaintiff's complaint was " untimely' because the plaintiff failed to provide the required notice and allow the requisite cure period to run under the applicable PSA prior to the expiration of the six-year limitations period." (D.'s Memo. In Supp. at 1 [emphasis in original].) DLJ's arguments as to why the Court of Appeals' condition precedent dismissal was a timeliness dismissal are virtually identical to the arguments made by the defendant Sponsor, and rejected by this court, in ACE IV.
This court's analysis in ACE IV was based on the text of the Court of Appeals' decision, and the extensive body of law, developed under CPLR 205 (a), on the effect of condition precedent dismissals on the timeliness of a first action. (See ACE IV at 9-14, 16-27.) That analysis is equally applicable here. For the reasons stated and on the authority cited in ACE IV, to which the parties are referred and which will not be repeated here, the court adheres to its prior holding that this action was not rendered untimely by the Trustee's failure to satisfy the condition precedent to suit against DLJ prior to the commencement [*4]of this action or the expiration of the statute of limitations.
The court turns to an argument that is unique to this action — namely, DLJ's claim that CPLR 205 (a) authorities are "irrelevant" to the analysis of whether a first action is timely, and that this court erred in considering such authorities in its prior decision. (D.'s Memo. In Supp. at 15.) In particular, DLJ contends that the prior decision erroneously treated CPLR 205 (a) as the statute of limitations (id. at 5, 15), and that the court declined to dismiss the action on statute of limitations grounds because the action "might be eligible for re-filing under CPLR 205(a)." (Id. at 16 [emphasis in original].)
These contentions ignore the actual holding of this court, which applied the six year statute of limitations for breach of contract actions and the ACE holding on the accrual date, and found that the action was timely commenced because it was commenced by the Trustee's filing of the summons with notice before the statute of limitations expired. (Prior Decision, 2015 WL 1331268 at * 5-6.)[FN3]
The court then considered the CPLR 205 (a) authorities, not for purpose of determining whether the action would be eligible for refiling if dismissed, but for the purpose of determining whether the failure to satisfy the condition precedent rendered this otherwise timely commenced action untimely. (Prior Decision, 2015 WL 1331268 at * 6-8.)
The CPLR 205 (a) cases provide an authoritative, well-developed source of law on the effect of condition precedent dismissals on the timeliness of an action. DLJ fails to explain why CPLR 205 (a) cases, which address the effect of failure to satisfy a condition precedent on the timeliness of a dismissed first action, are relevant in determining in a second action whether the first action was timely commenced, but are not relevant in the first action in determining whether the action was timely commenced. Nor does DLJ cite any support for its assertion that CPLR 205 (a) cases are not properly considered in the first action in determining its timeliness. Notably, the Court of Appeals has itself considered CPLR 205 (a) authorities in appeals of first actions that have been dismissed for failure to satisfy conditions precedent. (See Alouette Fashions, Inc. v Consolidated Edison Co. of New York, Inc., 119 AD2d 481, 486, affd for reasons stated below 69 NY2d 787 [1987] [in upholding dismissal of actions for failure of plaintiffs to comply with General Municipal Law § 50-h condition precedent, requiring plaintiffs to submit to pre-suit examinations, Court "noted that for those plaintiffs whose actions may now be time barred, a six-month extension of the Statute of Limitations is available under CPLR 205 (a)"]; see also Copeland v Salomon, 56 NY2d 222, 227 [1982] [in reversing dismissal of action for failure to comply with condition precedent — there, failure to obtain prior leave of court to sue receiver — Court cited CPLR 205 (a) authorities on the curability of a condition precedent dismissal].)
DLJ's remaining arguments are unpersuasive. This holding will not defeat the expectations of the parties under their governing agreements. (See D.'s Memo. In Supp. at 17.) As held in ACE IV, had these sophisticated parties intended to require the cure and repurchase periods to lapse before the expiration of the statute of limitations, they could have included language in their agreements to that effect, but did not do so. (See ACE IV at 27.)
Nor will this holding impermissibly extend the statute of limitations. In order obtain relief under the CPLR 205 (a) savings provision, a proper party must have commenced the action within the statute of limitations. As the Court of Appeals has emphasized, CPLR 205 (a) serves the important "remedial purpose of allowing plaintiffs to avoid the harsh consequences of the statute of limitations and have their claims determined on the merits where, as here, a prior action was commenced within the limitations [*5]period, thus putting defendants on notice of their claims." (Malay v City of Syracuse, 25 NY3d 323, 329 [2015].) This purpose is served here, as the Trustee timely commenced this action.[FN4]

In sum, this court adheres to its prior holding that this action was timely commenced by the Trustee's filing of the summons and complaint before the statute of limitations expired, and that the action was not rendered untimely commenced by the Trustee's failure to satisfy the repurchase demand condition precedent prior to the commencement of the action or the expiration of the statute of limitations. The court makes no finding as to whether the Trustee otherwise meets the requirements of CPLR 205 (a) for refiling of the action.
It is accordingly hereby ORDERED that the motion of defendant DLJ Mortgage Capital, Inc. (DLJ) is granted to the following extent: Leave to reargue is granted and, upon reargument, the court adheres to its prior decision and order dismissing the complaint without prejudice.
This constitutes the decision and order of the court.
Dated: March 29, 2016
New York, New York
___________________________
Marcy Friedman, J.S.C.



Footnotes

Footnote 1:The core ACE holding was that "the Trust's cause of action against [the Sponsor] for breach of representations and warranties accrued at the point of contract execution" when the representations and warranties were made, and not when the Sponsor failed to comply with a repurchase demand. (ACE, 25 NY3d at 589.) The application of this holding was not at issue on the motion to dismiss the refiled ACE action. 


Footnote 2:The repurchase demand here, as opposed to that in ACE, is required to be made on the Originator as well as the Sponsor, prior to suit against the Sponsor. DLJ does not argue, and this court does not find, that this is a material difference with respect to whether the action is rendered untimely due to the failure of the repurchase periods to lapse prior to the expiration of the statute of limitations. 


Footnote 3:As held in ACE IV, an action is commenced, pursuant to CPLR 304 (a), by the filing of a summons and complaint or summons with notice. (ACE IV at 16.)

Footnote 4:This case is distinguishable from ACE in that this action was commenced by the Trustee, the proper party, within the statute of limitations. As discussed in ACE IV, the summons with notice in the original ACE action was filed by the certificateholders within the statute of limitations. In alternative holdings, by which this court remains bound, the Appellate Division held that the certificateholders lacked standing, and that the Trustee's complaint, filed after the expiration of the statute of limitations, did not relate back to summons with notice. ACE IV therefore held that the Trustee's resort to CPLR 205 (a) was barred not by the failure to satisfy the repurchase demand condition precedent before the commencement of the action or the expiration of the statute of limitations, but by the Trustee's failure to timely commence the action. (ACE IV at 29-32.)