■ THOMAS BRITT, Appellant, v MARIANNE NESTOR et al., Respondents. [43 NYS3d 338]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 23, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the first amended complaint's second, third, fourth, fifth and seventh causes of action, and dismissing the demand for punitive damages, unanimously modified, on the law, to the extent of denying the motion as to the second, third, fourth, fifth, and seventh causes of action, and otherwise affirmed, without costs.

CPLR 203 (e), in relevant part, provides: "Where a defendant has served an answer containing a defense or counterclaim and the action is terminated . . . by dismissal . . . , the time which elapsed between the commencement and *termination of the action* is not a part of the time within which an action must be commenced to recover upon the claim in the defense or counterclaim" (emphasis added).

Resolution of this appeal turns on the meaning of "termination of the action" as used in CPLR 203 (e). We hold that a prior action terminates for purposes of CPLR 203 (e) when a nondiscretionary appeal, or an appeal taken as of right, is exhausted. This is consistent with how the Court of Appeals has interpreted analogous tolling statutes (*see Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1017 [1998] ["(T)he prior action was terminated within the meaning of CPLR 205 (a) . . . the date plaintiff's sole nondiscretionary Texas appeal was exhausted"]; *Malay v City of Syracuse*, 25 NY3d 323, 325 [2015] ["(T)he prior action terminates for the purposes of CPLR 205 (a) when the intermediate appellate court dismisses the appeal"]; *Joseph Francese, Inc. v Enlarged City School Dist. of Troy*, 95 NY2d 59, 64 [2000] ["Practical considerations dictate that the finality rule of *Lehman Bros.* should apply equally in the context of the (CPLR) 204 (b) tolling provision"]).

Here, the prior holdover proceeding was terminated within the meaning of CPLR 203 (e), such that the tolling period ended, when defendants' nondiscretionary appeal was dismissed. Because plaintiff commenced this action before the Appellate Term's dismissal of the holdover proceeding, his claims are timely under CPLR 203 (e). Consequently, defendants' motion for summary judgment dismissing plaintiff's second, third, fourth, fifth, and seventh causes of action should have been denied.

The court properly struck the demand for punitive damages, as this action involves a private dispute, and plaintiff has not demonstrated that defendants' conduct was aimed at the public generally (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]). Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.