Matter of Board of Mgrs. of Plum Point-On Hudson Condominium I v Assessor of the Town of New Windsor (2020 NY Slip Op 01493)





Matter of Board of Mgrs. of Plum Point-On Hudson Condominium I v Assessor of the Town of New Windsor


2020 NY Slip Op 01493


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-08135
 (Index No. 5935/17)

[*1]In the Matter of Board of Managers of Plum Point-On Hudson Condominium I, et al., appellants,
v
Assessor of the Town of New Windsor, et al., respondents-respondents, et al., intervenor-respondent.


Scott De Simone, P.C., Peconic, NY, for appellants.
Goldman Attorneys PLLC, Albany, NY (Paul J. Goldman and Erika C. Browne of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax year 2017-2018, the petitioners appeal from an order of Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 30, 2018. The order, upon, inter alia, the petitioners' failure to appear at a court-ordered conference, granted the oral application of the respondents Assessor of the Town of New Windsor and Town of New Windsor to dismiss the proceeding.
ORDERED that the appeal is dismissed, with costs.
The petitioners appeal from an order granting the oral application of the respondents Assessor of the Town of New Windsor and Town of New Windsor to dismiss the proceeding upon, inter alia, the petitioners' failure to appear at a court-ordered conference (see 22 NYCRR 202.27).
No appeal lies from an order entered upon the default of the appealing party (see CPLR 5511). The proper procedure for obtaining review of an order dismissing an action for failure to appear at a conference is to move to vacate the default and, if necessary, appeal from the order deciding that motion (see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1074-1075; BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245; Figueroa v Sanchez, 68 AD3d 418, 418; Campos v New York City Health & Hosps. Corp., 307 AD2d 785, 786; Brannigan v Dubuque, 199 AD2d 851, 851-852). Accordingly, the petitioners' appeal from the order entered upon their default must be dismissed (see GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1137).
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court