Deutsche Bank Natl. Trust Co. v Gouin (2021 NY Slip Op 02983)





Deutsche Bank Natl. Trust Co. v Gouin


2021 NY Slip Op 02983


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 36590/19E Appeal No. 13793 Case No. 2020-01990 

[*1]Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-2, Plaintiff-Respondent,
v
Carline M. Gouin, Defendant-Appellant.


Bronx Legal Services, Bronx (Irvin M. Schwartz of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York (Jane H. Torcia of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered February 19, 2020, which denied defendant's motion to dismiss the complaint as time-barred and for failure to comply with RPAPL 1304, unanimously affirmed, without costs.
Plaintiff originally commenced a foreclosure action against defendant in 2012. Defendant did not answer and, instead, the parties entered into settlement discussions over the course of years. In late 2017, after settlement discussions proved unsuccessful, plaintiff moved for entry of a default judgment and an order of reference. By order entered August 6, 2018, the court denied plaintiff's motion and sua sponte dismissed the action pursuant to CPLR 3215(c) for plaintiff's failure to move for a default judgment within a year of defendant's default. Plaintiff filed a notice of appeal, but did not timely perfect the appeal, and it was deemed dismissed on or about February 15, 2019. Plaintiff also made a motion to renew and reargue on August 22, 2018, which was denied on or about May 3, 2019. Plaintiff thereafter commenced a second foreclosure action pursuant to CPLR 205(a) and the central issue on appeal is whether such action was timely.
As an initial matter, the motion court properly found that CPLR 205(a) was applicable to this action. The prior action was not dismissed for neglect to prosecute, which would render CPLR 205(a) inapplicable. Rather, the prior action was dismissed pursuant to CPLR 3215(c), which does not constitute a neglect to prosecute (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198-199 [2d Dept 2017], appeal dismissed 29 NY3d 1023 [2017]). Accordingly, plaintiff had six months from the date its right to take a nondiscretionary appeal was exhausted to commence this action (see Malay v City of Syracuse, 25 NY3d 323, 328-329 [2015]).
The motion court also properly found that this action was timely commenced pursuant to CPLR 205(a). The order denying plaintiff's motion to renew was appealable as of right. Thus, this action did not terminate until plaintiff's time to appeal from that order had expired and its appeals as of right were exhausted (see Malay, 25 NY3d at 328-329; Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1017 [1998]). Since plaintiff commenced a second foreclosure action within six months of termination of the prior action, the second action was timely pursuant to CPLR 205(a).
Defendant contends that plaintiff did not provide the required 90-day notice before commencing this action. However, she failed to demonstrate that the mortgaged
property was her residence for RPAPL 1304 notice purposes at the time this action was commenced.
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021