Concepcion v Lessel Transp. Corp. (2023 NY Slip Op 00723)

Concepcion v Lessel Transp. Corp.

2023 NY Slip Op 00723

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 452219/18, 150590/22 Appeal No. 17282-17283-17284 Case No. 2022-02843, 2022-01905, 2022-01985 

[*1]Sherry Concepcion, Plaintiff-Respondent,
v
Lessel Transportation Corp., et al., Defendants-Appellants.
Sherry Concepcion, Plaintiff-Appellant,
v
Midtown Tracking Ventures LLC, Defendant, Lessel Transportation Corp., et al., Defendants-Respondents.

Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellants/respondents.
Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for respondent/appellant.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered June 9, 2022, which denied defendants' motion to dismiss the complaint under Index No. 150590/22 pursuant to CPLR 3211(a)(4) and (5), unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about November 26, 2021 and on or about January 14, 2022, which, respectively, denied plaintiff's motion to vacate a prior order sua sponte dismissing the action under Index No. 452219/18, and denied plaintiff's motion to renew and reargue the motion to vacate, unanimously dismissed, without costs, as moot.
The court properly denied defendants' motion to dismiss the complaint under Index No. 150590/22 (the second action) as time-barred (CPLR 3211[a][5]). Plaintiff timely commenced the action within the six-month period provided for in the savings provision of CPLR 205(a). Contrary to defendants' contention, the action under Index No. 452219/18 (the first action) was not dismissed for neglect to prosecute. Rather, the dismissal was due to plaintiff's failure to respond to three notices issued by the court directing the filing of certain discovery-related stipulations. We further note that plaintiff was in substantial compliance with the discovery orders in the first action (see Carven Assoc. v American Home Assur. Corp., 173 AD2d 369, 370 [1st Dept 1991]).
The court also properly declined to dismiss the complaint on the ground that appeals in the first action were pending (CPLR 3211[a][4]). Although CPLR 205(a) extends the tolling period until six months after the exhaustion of all appeals as of right (see Deutsche Bank Natl. Trust Co. v Gouin, 194 AD3d 479, 480 [1st Dept 2021]), plaintiff need not have waited until the appeals in the first action were resolved before commencing the second action (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519-520 [2005]; Britt v Nestor, 145 AD3d 544, 545 [1st Dept 2016]).
Because plaintiff timely and properly commenced the second action, which asserts the same negligence claim as that alleged in the first action, plaintiff's appeals from the orders denying her motion to vacate the order dismissing the first action, and
motion to renew and reargue the motion to vacate, are moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023