Diaz-Ortiz v Rodriguez (2025 NY Slip Op 01713)

Diaz-Ortiz v Rodriguez

2025 NY Slip Op 01713

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 33521/19|Appeal No. 3952|Case No. 2024-05107|

[*1]Alexandra Diaz-Ortiz, Plaintiff-Appellant,
v
Moses Rodriguez, et al., Defendants-Respondents.

Anthony L. Verrelli, Bronx, for appellant.
Baker, McEvoy & Moskovits, Freeport (Marjorie E. Bornes of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about March 15, 2024, which granted defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff commenced an action that was dismissed for her failure to appear at a trial calendar call. Plaintiff timely moved to vacate the dismissal order that was entered on her default, but the motion was denied. Instead of appealing from that denial, plaintiff commenced this second action within days of the denial of her motion to vacate, asserting the same personal injury claims originally raised in her first action.
CPLR 205(a) allows a party to commence an identical action within six months of dismissal of the original action (see Malay v City of Syracuse, 25 NY3d 323, 327 [2015]; Jelinek v City of New York, 25 AD2d 425, 425 [1st Dept 1966]). The six-month period begins when the initial action is finally terminated — that is, when all of the appeals as of right have been exhausted (see Lehman Bros. v Hughes Hubbard & Reed, L.L.P., 92 NY2d 1014 [1998]; Deutsche Bank Natt. Trust Co. v Gouin, 194 AD3d 479, 480 [1st Dept 2021]). However, where, as here, a dismissal is on the basis of a plaintiff's default in appearing at a scheduled calendar call, the dismissal is not appealable as of right. Rather, plaintiff's remedy is to move to vacate the default, which plaintiff did, and if the motion is denied, then take an appeal as of right from the denial of the motion (see 22 NYCRR 202.27[b]; Matter of Board of Mgrs. of Plum Point-On Hudson Condominium I v Assessor of the Town of New Windsor, 181 AD3d 591 [2d Dept 2020]). Thus, failing to file an appeal from an order of dismissal on default cannot be the point at which the defaulting party's appeals as of right are exhausted, as there is no appeal permitted from such an order.
Upon the denial of her motion to vacate the default, plaintiff had a right to appeal. Instead of appealing, however, plaintiff commenced the second action five days after the denial of her motion to vacate the dismissal of the original action, which was well within the permitted six-month time period (see e.g. Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1074-1075 [3d Dept 2017]). Plaintiff need not have waited until all appeals were resolved in the first action before commencing the second action (see Concepcion v Lessel Transp. Corp., 213 AD3d 449, 449 [1st Dept 2023]).
The dismissal of plaintiff's first action because of her nonappearance at trial, standing alone, is insufficient to preclude plaintiff from relying on CPLR 205(a), as
Supreme Court made no statement suggesting that plaintiff engaged in a general pattern of delay or neglect in prosecuting her first action (see CPLR 205[a]; see e.g. Concepcion v Lessel Transp. Corp. at 449).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: [*2]March 20, 2025