■ WARREN WATKINS, Respondent, v. HOLIDAY DRIVE-UR-SELF, INC., Appellant, et al., Defendant.— GIBSON, P. J. Appeals (1) from an order of the Supreme Court at Special Term, entered December 29, 1966, which denied defendant's motion (under CPLR 3211, subd. [a], par. 5; 3212) to dismiss plaintiff's property damage negligence action as barred by the Statute of Limitations and granted plaintiff's motion (under CPLR 2215; 3211, subd. [b] ; 3212) to dismiss the defense of the Statute of Limitations alleged in defendant's

answer and (2) from an order of said court, entered April 21, 1967, which denied defendant's application for leave to renew and reargue said motion. Concededly, the action was commenced more than three years after the cause of action accrued; but Special Term held that the Statute of Limitations was tolled for the period of the time which elapsed between the demand for arbitration and the final determination that there was no obligation to arbitrate (CPLR 204, subd. [b]); the demand, if such it was, being made by respondent's automobile collision insurance carrier, addressed to appellant's automobile liability insurance carrier, for arbitration by and before the Binghamton Arbitration Committee, said to have been established pursuant to a certain Nationwide Inter-Company Arbitration Agreement. Regardless of any other considerations, plaintiff's proof on the motions is deficient in that it includes neither a copy of the agreement upon which plaintiff seems still to rely nor any quotation of, or reference to its provisions. It now appears without contradiction, however, that appellant's carrier was not a party to that arbitration agreement and that, upon being advised of that fact, the arbitration committee properly vacated its decision in favor of respondent's carrier. The decision was thus vacated approximately 40 days before the expiration of the time limited for the commencement of the action, which was not brought, however, until some two months after the expiration date. The paper, entitled "Inter-Company Arbitration Statement", which respondent treats as a "demand for arbitration" tolling the statute (CPLR 204, subd. [b]), was filed with the arbitration committee and a copy was sent appellant's carrier; but appellant contests its sufficiency and the validity of the service thereof under subdivision (c) of CPLR 7503, which, in respondent's view, relates only to a "notice of intention to arbitrate" and is inapplicable to a "demand for arbitration". Appellant did not, however, by reference to the supposed arbitration agreement or otherwise, demonstrate the requirements respecting the contents of a demand for arbitration or the manner of its service. Both parties' arguments with regard to the demand or notice seem to us irrelevant in any event, as there appears no basis whatsoever for a claim by respondent of any right or entitlement to arbitration; and the respondent's carrier's acts in the mistaken belief that appellant's carrier was a signatory to the arbitration agreement were of no legal effect, and, absent even color of right, could not and did not come within the purview of CPLR 204, so as to toll the statute. Order entered December 29, 1966 reversed, on the law and the facts, defendant's motion granted and plaintiff's cross motion denied; with $10 costs. Appeal from order entered April 21, 1967 dismissed, as academic; without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.