OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The issue here is whether the present action was timely commenced in this State by invocation of the statutory tolling provision under CPLR 205 (a) when the same action was previously dismissed by the courts of Texas for defendant’s lack of minimum contacts with that State. In determining this appeal, we assume, without deciding, the applicability of CPLR 205 (a) and conclude that plaintiffs New York action was untimely, since it was commenced more than six months after termination of the Texas action. We do not reach any of the other issues presented.
On July 11, 1996, plaintiff Lehman Brothers, Inc. commenced this legal malpractice action in Supreme Court, New York County, against the New York law partnership of Hughes Hubbard & Reed. The complaint alleged that for a period of time-ending in 1988 defendant, acting through its Los Angeles office, gave plaintiff incomplete legal advice on a matter of Texas law. Defendant filed a preanswer motion to dismiss claiming the action was time-barred. In response, plaintiff argued that the New York Statute of Limitations had been tolled because this same claim had previously been filed in the Texas trial court, the Texas District Court, on July 16, 1991 and dismissed by that court on December 16, 1992. That claim was dismissed *1016 for lack of personal jurisdiction based upon defendant’s lack of minimum Texas contacts.
Plaintiff appealed as of right to the Texas intermediate appellate court, the Texas State Court of Appeals, where, on June 1, 1995, a three-Judge panel affirmed the dismissal in all respects (see, Shearson Lehman Bros. v Hughes, Hubbard, & Reed, 902 SW2d 60 [Ct App Tex 1995]). On July 13, 1995, plaintiff’s request to the same court for a rehearing was summarily denied. Thereafter, plaintiff sought discretionary review by the Texas Supreme Court but, on November 22, 1995, that court denied the application, without opinion. Similarly, on January 11, 1996, a request for rehearing to the Texas Supreme Court was denied. Finally, on June 10, 1996, plaintiff’s petition to the United States Supreme Court for writ of certiorari was denied (517 US 1245).
Following the denial of certiorari, on July 11, 1996, plaintiff filed the instant New York action. In granting defendant’s preanswer motion to dismiss, Supreme Court noted that, absent the CPLR 205 (a) tolling provision, all applicable Statute of Limitations periods had otherwise expired. The court concluded that because plaintiff’s Texas action was dismissed for want of personal jurisdiction, the CPLR 205 (a) tolling provision was unavailable. The court further held that the tolling provision was unavailable because the first action was brought in a sister State.
On appeal, a unanimous Appellate Division affirmed. The Appellate Division concluded that plaintiff’s Texas action was not a “prior action” within the meaning of CPLR 205 (a) and that even if the tolling provision was applied, plaintiff’s New York action would still be untimely since it had been commenced more than six months after termination of the prior Texas action.
In Cohoes Hous. Auth. v Ippolito-Lutz, Inc. (49 NY2d 961, affg 65 AD2d 666 for reasons stated below), we, like the Appellate Division, rejected the argument that a party could forestall the commencement of the statutory six-month period merely by continuing to pursue discretionary appellate review. It is not the purpose of CPLR 205 (a) to permit a party to continually extend the statutory period by seeking additional discretionary appellate review. By contrast, where an appeal is taken as a matter of right, or where discretionary appellate review is granted on the merits, the six-month period does not commence since termination of the prior action has not yet occurred (see, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 205.07).
*1017 Applied to the case at bar, the prior action was terminated within the meaning of CPLR 205 (a) as of June 1, 1995, the date plaintiffs sole nondiscretionary Texas appeal was exhausted. The statutory six-month period began to run at that time. The fact that plaintiff chose to pursue only the avenue of further discretionary appeals, both in the Texas Supreme Court and in the Supreme Court of the United States, did not forestall commencement of the statutory six-month period. Therefore, the filing of the instant action on July 11, 1996, more than six months following the termination of the prior Texas proceeding, renders this action untimely.
Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur; Judge Levine taking no part.
Order affirmed, with costs, in a memorandum.