■ Joseph Francese, Inc., Appellant, v Enlarged City School District of Troy, Respondent. [693 NYS2d 280] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered September 21, 1998 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

The question on this appeal is whether plaintiff may avail itself of the tolling provision of CPLR 204 (b) so as to maintain its otherwise time-barred breach of contract claim against defendant.

In July 1991, defendant entered into a contract with plaintiff, as general contractor, for the construction of Troy Elementary School No. 14, using a "Standard Form of Agreement Between Owner and Contractor" (American Institute of Architects [hereinafter AIF] Form A101). Incorporated into the parties' contract was AIF Form A201, "General Conditions of the Contract for Construction", to which defendant had made numerous modifications. Among these modifications was the deletion of that section providing for arbitration as a means of resolving disputes under the contract. Prior to submission of their bids, prospective bidders (including plaintiff) were furnished with the project manual containing specifications and proposed contract forms, including the modified AIF Form A201. In capital letters on the first page of Form A101 was the following language: "This document has important legal consequences: Consultation with an attorney is encouraged with respect to its completion or modification." Virtually identical language appears on the first page of AIF Form A201.

In February 1993, plaintiff filed a notice of claim pursuant to Education Law § 3813 (2-b) alleging damages as a result of defendant's failure to properly administer the project and coordinate the work of its subcontractors. In July 1993, defendant notified plaintiff that it was terminating the contract. Plaintiff served defendant with a demand for arbitration on September 15, 1993. Counsel for defendant wrote to plaintiff, pointing out the deletion of the arbitration clause in the parties' contract and requesting that the demand for arbitration be withdrawn. When plaintiff refused, defendant moved to stay the arbitration. In May 1994, ruling that deletion of the arbitration clause was clear evidence that arbitration was not intended by the parties, Supreme Court (Spain, J.) granted defendant's stay application. Plaintiff then appealed to this Court and, on November 10, 1994, we affirmed on the opinion of Supreme Court (*Matter of Enlarged City School Dist. [Joseph Francese, Inc.]*, 209 AD2d 815).

Six months later, plaintiff commenced this action to recover moneys allegedly due pursuant to the contract. Supreme Court granted defendant's motion for summary judgment on the ground that the action was not timely commenced, rejecting plaintiff's claim that the one-year Statute of Limitations had been tolled by the arbitration proceedings. Plaintiff appeals.

The purpose of the tolling provisions found in CPLR 204 is to protect the rights of a diligent litigant who has mistaken his forum (*see, Bright v Pagan*, 236 AD2d 350; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book

7B, CPLR C204:2, at 302; *see generally, Gaines v City of New York*, 215 NY 533). "[T]olling provisions should not readily be given an expansive interpretation tending to undermine the basic purposes behind the Statutes of Limitation" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548). Consequently, the protection of CPLR 204 (b) is available only if litigation was delayed while a party pressed an arbitration claim under a "color of right" (*Watkins v Holiday Drive-Ur-Self*, 29 AD2d 810, 811). The question before us therefore distills to whether, on the facts herein, plaintiff is entitled to a finding that it pressed its arbitration claim under a tenable claim of right.

Plaintiff argues that notwithstanding deletion of the entire arbitration section of the contract, it justifiably proceeded under the mistaken belief that arbitration was the proper forum. Citing a reference to arbitration in a paragraph entitled "Claims and Disputes", it urges that this reference created an ambiguity in the contract giving it a colorable right to demand arbitration. We are not persuaded. The contract's detailed, eight-paragraph section entitled "Arbitration" was conspicuously deleted. The majority of the 24-page document's references to arbitration were crossed out, although some were apparently overlooked. Significantly, the paragraph containing the sentence relied upon by plaintiff appears on the same page as, and directly above, the deleted arbitration section. Clearly, the deletion of section 4.5 "Arbitration"—the procedural heart and soul of the contract—left all other references to arbitration unsupported.

Furthermore, it is a cardinal rule of contract interpretation that where inconsistencies exist between preprinted and written clauses, the latter will prevail based upon the rationale that "the written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims" (22 NY Jur 2d, Contracts, § 257, at 316). The parties' written modification to the contract, in the form of deleting the entire arbitration section, reflected their agreement that arbitration would not be available for the resolution of disputes. By virtue of this written modification, any undeleted references to arbitration in the printed clauses of the contract were rendered meaningless.

Absent any objective support for plaintiff's claim that it proceeded in the good-faith, albeit mistaken, belief that arbitration was an available forum, Supreme Court properly refused to apply the tolling provision of CPLR 204 (b).

Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.