OPINION OF THE COURT
 

 Levine, J.
 

 At issue in this appeal is construction of the Statute of Limitations tolling provision set forth in CPLR 204 (b), suspending the running of the period of limitations for a party who erroneously seeks to adjudicate a legal dispute through arbitration. In this case, plaintiff Joseph Francese, Inc., entered into an agreement with defendant Enlarged City School District of Troy in July 1991 to build a new elementary school. The parties incorporated into their agreement a standard American Institute of Architects “General Conditions of the Contract for Construction” form. The general arbitration clause of the form contract was deleted. Other references to arbitration, however, were left intact, including one under the heading “Resolution of Claims and Disputes,” stating that disputes between the parties would be “subject to arbitration.”
 

 In 1993, a dispute arose over plaintiffs performance and the adequacy of the District’s performance of its contractual construction management obligations. Plaintiff timely filed a notice of claim for breach of contract by the District, and in turn the District formally terminated the contract based on plaintiffs nonperformance. Plaintiff then served a demand for arbitration on the District on September 15, 1993, concededly within the applicable one-year period of limitations
 
 (see,
 
 Education Law § 3813 [2-b]). The District moved to stay arbitration and plaintiff cross-moved to compel arbitration. On May 9, 1994, the District’s motion to stay arbitration was granted by Supreme Court based upon the deletion of the general arbitration clause from the contract. The Appellate Division affirmed on November 10, 1994
 
 (Matter of Enlarged City School Disk [Joseph Francese, Inc.],
 
 209 AD2d 815).
 

 Just over five months later, on April 20, 1995, plaintiff commenced this action against the District for breach of the
 
 *62
 
 construction contract. Supreme Court granted the District’s motion to dismiss for untimeliness, holding that the CPLR 204 (b) tolling provision did not apply. The Appellate Division affirmed (263 AD2d 582). We granted leave to appeal and now reverse.
 

 Discussion
 

 CPLR 204 (b) provides:
 

 ‘Where it shall have been determined that a party is not obligated to submit a claim to arbitration, the time which elapsed between the demand for arbitration and the final determination that there is no obligation to arbitrate is not a part of the time within which an action upon such claim must be commenced. The time within which the action must be commenced shall not be extended by this provision beyond one year after such final determination.”
 

 The statute thus tolls the applicable period of limitation between the time a demand for arbitration is made and a final determination that the dispute is not the proper subject of arbitration. CPLR 204 (b), however, prohibits any extension of such period beyond one year after the final determination of nonarbitrability.
 

 Reading CPLR 204 (b) literally, and assuming that the “final determination” of nonarbitrability here was the Appellate Division’s order affirming the stay of arbitration (an issue we address below), plaintiff was entitled to the benefit of the toll provided in section 204 (b) and its action was thus timely commenced. The Appellate Division, however, applied its precedent,
 
 Watkins v Holiday Drive-Ur-Self
 
 (29 AD2d 810, 811), to superimpose a requirement that a plaintiff invoking section 204 (b) must show that the demand for arbitration was under a “color of right.” The Court held that plaintiff failed to demonstrate any color of right or “objective support for plaintiffs claim that it proceeded in the good-faith, albeit mistaken, belief that arbitration was an available forum” (263 AD2d, at 584).
 

 Whether a plaintiff seeking to invoke the benefit of CPLR 204 (b) must demonstrate that the demand for arbitration was under a color of right is a matter of first impression for this Court. Adding that requirement, however, appears to be inconsistent with our reading, in
 
 Gaines v City of New York
 
 (215 NY 533), of the predecessor of a sister statute — section 405 of the
 
 *63
 
 former Code of Civil Procedure, now found in CPLR 205. That provision permits the recommencement of an action, notwithstanding the running of the period of limitations, within six months after termination of an earlier action on the same claim where that timely commenced action was dismissed “not on the merits but on a basis that keeps the claim alive and enables a later suit to be brought on it” (Siegel, NY Prac § 52, at 68 [3d ed]).
 

 In
 
 Gaines,
 
 the plaintiff had initially brought an action against the City of New York in the City Court. That court lacked statutory subject matter jurisdiction in suits against the City. Despite the complete absence of any jurisdictional basis for the selection of that specific forum, this Court gave the plaintiff the benefit of the statutory “grace period” in former Code of Civil Procedure § 405. Thus, the plaintiffs subsequently commenced action in the Municipal Court, the appropriate forum, was saved from dismissal for untimeliness.
 

 As we have already noted here, in
 
 Gaines
 
 the Court pointed out: “[t]hat the plaintiffs case is within the letter of the [tolling] statute is hardly doubtful”
 
 (id.,
 
 at 539). Accordingly, the Court placed the burden of proof on the defendant to demonstrate why the protection afforded by the literal wording of the statute should be denied to the plaintiff, perhaps by showing that the selection of the forum was made in bad faith “with knowledge of the lack of jurisdiction, and in fraud of the statute”
 
 (id.,
 
 at 541). In the absence of such demonstrated bad faith, the Court noted that “[t]he statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction”
 
 (id.,
 
 at 539). An important factor relied upon by the Court in
 
 Gaines
 
 was that, by virtue of the previously (although erroneously) commenced action, the “litigant [gave] timely notice to his adversary of a present purpose to maintain his rights before the courts”
 
 (id.).
 

 No reason has been advanced here why we should not similarly reject a narrow construction of CPLR 204 (b) in order to effectuate its purpose. The District has not shown any bad faith or fraudulent intent on plaintiffs part in demanding arbitration, especially in light of the fact that references to arbitration remained in the contract. Furthermore, the
 
 Watkins
 
 rule has been criticized by practice commentators
 
 (see,
 
 McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C204:2, at 303 [characterizing the rule as
 
 *64
 
 “questionable,” and opining that the
 
 Watkins
 
 case should not have been excluded from within the reach of section 204 (b) “absent a clear showing that the statute was not designed to cover (t)his situation”]; 1 Weinstein-Korn-Miller, NY Civ Prac if 204.06, at 2-190 [noting that the
 
 Watkins
 
 decision “has been criticized * * * on the theory that the plaintiff had relied on CPLR 204(b) and was entitled to relief under a literal reading”]).
 

 An additional factor leading us to reject the
 
 Watkins
 
 rule is that it would discourage parties from selecting arbitration as an efficient and inexpensive means of resolving disputes
 
 (see,
 
 1 Weinstein-Korn-Miller,
 
 op. cit.,
 
 204.06, at 2-191
 
 [“Watkins
 
 might deprive CPLR 204(b) of some of its intended vitality, and may conflict with the general state policy to encourage arbitration”]). Moreover, here, just as in
 
 Gaines,
 
 defendant was on timely notice of the plaintiffs claims as a result of the demand for arbitration. Thus, the underlying purpose of imposing a limitations period is not undermined by application of section 204 (b) under these circumstances
 
 (see,
 
 1 Weinstein-Korn-Miller,
 
 op. cit.,
 
 204.06, at 2-190; McLaughlin, Practice Commentaries,
 
 op. cit.,
 
 at 303).
 

 Alternatively, the District argues that even if CPLR 204 (b) applies here, the commencement of this action was still not timely. The basis for that contention is that, according to the District, the “final determination” of nonarbitrability, for purposes of CPLR 204 (b), was the May 9, 1994 Supreme Court order staying arbitration on that ground. We hold, however, that the final determination was the November 10, 1994 order of the Appellate Division.
 

 While this also is an issue of first impression in our Court, another precedent construing the companion tolling provision of CPLR 205 is instructive. In
 
 Lehman Bros. v Hughes Hubbard & Reed
 
 (92 NY2d 1014), for purposes of determining when the six-month period in which to commence a new action begins to run under CPLR 205, this Court held that it is upon the determination of any nondiscretionary appeals concerning the dismissal of the earlier action and, in the event that we granted leave to appeal, upon final determination by this Court
 
 (id.,
 
 at 1016). Practical considerations dictate that the finality rule of
 
 Lehman Bros,
 
 should apply equally in the context of the section 204 (b) tolling provision. Not until all nondiscretionary appeals have been decided can it reasonably be concluded that a party has been finally barred from having a claim resolved by arbitration. To hold otherwise — that an initial trial court’s de
 
 *65
 
 termination is “final” — would preclude parties seeking to have their claims submitted to arbitration from pursuing nondiscretionary appeals for fear that doing so would deprive them of the protection of section 204 (b) in the event that they were to lose on appeal (see
 
 also,
 
 1 Weinstein-Korn-Miller,
 
 op. cit.,
 
 204.06, at 2-191 [“The ‘final determination’ should be construed to embrace appeals; the pertinent date would then be that of the final determination of the last appellate court to which an appeal was taken”] [comparing the provision addressing the final determination within the meaning of CPLR 205]).
 

 Thus, although there is no dispute that the limitations period began to run on July 27, 1993, when the District terminated the contract with plaintiff, it was tolled from the time the demand to arbitrate was served (September 15, 1993) until the final determination of nonarbitrability by the Appellate Division on November 10, 1994. Therefore, plaintiff timely commenced the instant action on April 20, 1995.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant’s motion for summary judgment denied.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed, etc.