■ The People of the State of New York, Respondent, v Ernest Gay, Appellant. [992 NYS2d 882]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered on or about November 29, 2012, as amended December 4, 2012, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.

■ Midwest Goldbuyers, Inc., Appellant, v Brink's Global Services USA, Inc., a Delaware Corporation, Respondent. [992 NYS2d 883]—Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 6, 2013, which, granted defendant's motion to dismiss the first two breach of contract claims, and the negligence claim, unanimously affirmed, without costs.

Plaintiff's claims arising from transactions that occurred more than one year before the filing of the instant suit in New York are time-barred under the one-year contractual limitations period. The IAS court correctly held that plaintiff's prior action in Illinois was not a "prior action" for purposes of the six-month toll in CPLR 205 (a) (*Lehman Bros. v Hughes Hubbard & Reed*, 245 AD2d 203, 203 [1st Dept 1997], *affd* 92 NY2d 1014 [1998]). Further, the IAS court properly dismissed the claim for negligence as to all transactions, as plaintiff failed to allege any breach of duty independent of the parties' contracts (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.