■ PIERRE ARTY, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Respondents. [48 NYS3d 388]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered April 20, 2015, which, to the extent appealed from, granted defendants' motion to dismiss plaintiff's defamation claim as time-barred, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, a Caribbean-American physician, was the Deputy Executive Director of the Behavioral Health Division (BHD) at Kings County Hospital Center (Kings Hospital), which defendant New York City Health and Hospitals Corp. (HHC) owns and runs. On or about June 18, 2008, after allegedly being ignored for over 24 hours, a schizophrenic patient collapsed on the floor in the emergency waiting room of Kings Hospital and died. As a result, plaintiff's superiors terminated his employment on or about June 20, 2008.

Plaintiff commenced an action in the United States District Court for the Southern District of New York alleging violations of federal, state and city discrimination laws, and asserting a defamation claim. In the federal complaint, plaintiff alleged, among other things, that before the patient's death, he and other black employees were demoted or moved out of BHD while white staffers were left in place or promoted. Plaintiff also alleged that HHC had defamed him by stating to the press that he, among others, failed to render aid to the patient in the waiting room and therefore bore responsibility for her death.

In December 2013, the District Court granted defendants' motion for summary judgment dismissing plaintiff's federal, state, and city discrimination claims in the federal action. Further, the District Court declined to exercise supplemental jurisdiction over the defamation claim, dismissing that claim without prejudice. Judgment was entered, closing the federal action, on December 4, 2013.

Plaintiff then moved under Local Civil Rule 6.3 and Federal Rules of Civil Procedure rule 59 (e) for reconsideration of the District Court's order and amendment of that order. Specifically, plaintiff requested that the District Court either (1) decline to exercise supplementary jurisdiction over his New York City Human Rights Law (NYCHRL) claim and dismiss the NYCHRL claim on jurisdictional grounds only; or (2) deny summary judgment with respect to the NYCHRL claim and retain supplementary jurisdiction over the state law defamation claims and the NYCHRL claim.

By order dated August 18, 2014, the District Court granted plaintiff's motion for reconsideration and declined to assert supplementary jurisdiction over either the discrimination or defamation claims, instead amending the December 2013 order to dismiss the "NYCHRL claim *without prejudice*, on jurisdictional grounds only."

On or about December 8, 2014, plaintiff filed the action underlying this appeal. By motion dated February 6, 2015, defendants moved to dismiss the complaint. On their motion, defendants argued, among other things, that the defamation claim should be dismissed because plaintiff failed, as required under CPLR 205 (a), to commence the state court action within six months after the United States District Court dismissed the defamation claim on December 3, 2013.*

Insofar as relevant to this appeal, the IAS court granted the motion in part, dismissing the defamation claim as untimely filed. In so doing, the court found that, under CPLR 205 (a), the six-month period to commence a new action after the termination of a prior action began to run on December 4, 2013, the date on which the federal court entered judgment dismissing plaintiff's complaint.

We now find that the state law defamation claim was timely filed, and therefore reinstate that claim.

CPLR 205 (a) does not define "terminated" in the statute

---

* Defendants did not challenge the timeliness of plaintiff's NYCHRL discrimination claim because plaintiff had successfully obtained reconsideration of that claim in federal court.

itself, and does not distinguish between "discretionary" or "nondiscretionary" appeals. Rather, the Court of Appeals found in *Lehman Bros. v Hughes Hubbard & Reed* (92 NY2d 1014, 1016 [1998]), that CPLR 205 (a) applied and held that the six-month clock "began to run" on "the date plaintiff's sole *nondiscretionary* . . . appeal was exhausted" (*id.* at 1017 [emphasis added]; *see also Joseph Francese, Inc. v Enlarged City School Dist. of Troy*, 95 NY2d 59, 64 [2000]).

The broad remedial purpose of CPLR 205 (a) mandates a finding that plaintiff's defamation claim was timely filed. Under Federal Rules of Appellate Procedure rule 4 (a) (4) (A) (iv), plaintiff's motion for reconsideration extended the time for him to file a nondiscretionary appeal as of right to the United States Court of Appeals for the Second Circuit until 30 days after the Federal Rules of Civil Procedure rule 59 (e) motion was decided—that is, until 30 days after the August 18, 2014 order granting plaintiff's Federal Rules of Civil Procedure rule 59 (e) motion. A Federal Rules of Civil Procedure rule 59 (e) motion also extends a party's time to file its appeal as of right in the Federal Appeals Court—a time frame that is otherwise fixed and jurisdictional. Although a Federal Rules of Civil Procedure rule 59 (e) motion is not an appeal, it served the same purpose here as an appeal would have—namely, it asked a motion court to correct a previous decision. In addition, the rule 59 (e) motion is nondiscretionary in the sense that word is used by the Court of Appeals: the motion is as of right because a party need not seek leave to file it (*see Lehman Bros.*, 92 NY2d at 1016). Therefore, plaintiff's Federal Rules of Civil Procedure rule 59 (e) motion had the effect of extending plaintiff's time to file a notice of appeal until 30 days from the entry of the order determining the motion (Fed Rules App Pro rule 4 [a] [4] [A] [iv]).

The District Court's August 18, 2014 order granted reconsideration to the extent of designating the dismissal of plaintiff's NYCHRL claim to be without prejudice, so that plaintiff could recommence an action, including that claim, within six months under CPLR 205 (a) (*see Gesegnet v Hyman*, 285 AD2d 719 [3d Dept 2001]). Additionally, after the motion for reconsideration was decided, plaintiff could have pursued an appeal as of right, and the prior federal action then would not have "terminated" for purposes of CPLR 205 (a) until the appeal was exhausted by either a determination on the merits or dismissal (*Malay v City of Syracuse*, 25 NY3d 323, 329 [2015]). Instead, plaintiff properly commenced an action in state court, asserting a discrimination claim under the NYCHRL and a defamation

claim within six months after the reconsideration decision, which is timely under CPLR 205 (a). Plaintiff was not required to commence a defamation action in state court while the reconsideration motion was pending, or to file a notice of appeal in federal court, in order to gain the benefit of the six-month extension (*see Malay* at 330); were our decision otherwise, the result would waste judicial resources by forcing a party to commence either a federal appeal or a new state court action while his or her case was still ongoing in federal court.

We decline to consider defendants' alternate argument for affirmance, that the defamation claim is barred by the doctrine of qualified privilege, since the issue is fact specific (*see Munoz v City of New York*, 18 NY2d 6, 11 [1966]), and the record on this motion to dismiss is insufficient (*see Mihlovan v Grozavu*, 72 NY2d 506, 509 [1988]). Concur—Moskowitz, J.P., Gische, Kahn and Gesmer, JJ.