Federal Home Loan Bank of Boston v Moody's Corp. (2019 NY Slip Op 07491)





Federal Home Loan Bank of Boston v Moody's Corp.


2019 NY Slip Op 07491


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10106 656707/17

[*1] Federal Home Loan Bank of Boston, Plaintiff-Respondent,
v
Moody's Corporation, et al., Defendants-Appellants.


Satterlee Stephens LLP, New York (James J. Coster of counsel), for appellants.
Keller Rohrback L.L.P., New York (David S. Preminger of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on March 26, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss plaintiff's first cause of action as time-barred, unanimously affirmed, with costs.
CPLR 205(a) applies "to prior actions commenced in a federal court within this state" (Weinstein-Korn-Miller, NY Civ Prac ¶ 205.09 [2d ed 2019]; see also e.g. 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 486 [1986], cert denied 481 US 1008 [1987]). Plaintiff's prior action, which was removed to the U.S. District Court for the District of Massachusetts on May 27, 2011, was transferred from that court — which lacked general personal jurisdiction over defendants — to the Southern District of New York (SDNY). 28 USC § 1631 provides in pertinent part, "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall . . . transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred" (emphasis added). Hence, the motion court properly treated plaintiff's prior action as if it had been filed in the SDNY as of May 2011 (see generally Arty v New York City Health & Hosps. Corp., 148 AD3d 407, 409 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK