Deutsche Bank Natl. Trust Co. v Booker (2023 NY Slip Op 05488)

Deutsche Bank Natl. Trust Co. v Booker

2023 NY Slip Op 05488

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-09759
2021-05345
2021-05598
 (Index No. 69641/19)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Bernard Booker, etc., respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Brian R. Hoch, White Plains, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Janet Malone, J.), dated November 5, 2020, (2) an order of the same court dated July 8, 2021, and (3) an order of the same court, also dated July 8, 2021. The order dated November 5, 2020, insofar as appealed from, granted those branches of the motion of the defendant Bernard Booker, also known as J. Bernard Booker, which were for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The first order dated July 8, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Bernard Booker, also known as J. Bernard Booker and to deem such service timely nunc pro tunc, and, upon the order dated November 5, 2020, directed the Westchester County Clerk Division of Land Records to remove the subject mortgage lien from its records. The second order dated July 8, 2021, insofar as appealed from, granted that branch of the motion of the defendant Bernard Booker, also known as J. Bernard Booker, which was for summary judgment on his counterclaim pursuant to Real Property Law § 282 for an award of counsel fees incurred in defending this action to the extent of directing the plaintiff to pay the defendant Bernard Booker, also known as J. Bernard Booker, the sum of $6,075.
ORDERED that the order dated November 5, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that the first order dated July 8, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the second order dated July 8, 2021, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Bernard Booker, also known as J. Bernard Booker, which was for summary judgment on his counterclaim pursuant to Real Property Law § 282 for an award of counsel fees incurred in defending this action to the extent of directing the plaintiff to pay the defendant Bernard Booker, also known as J. Bernard [*2]Booker, the sum of $6,075, and substituting therefor a provision granting that branch of that defendant's motion to the extent of directing the plaintiff to pay the defendant Bernard Booker, also known as J. Bernard Booker, the sum of $5,775; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Bernard Booker, also known as J. Bernard Booker.
In September 2012, the plaintiff commenced an action (hereinafter the 2012 action) against the defendant Bernard Booker, also known as J. Bernard Booker (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Mount Vernon. By order dated November 28, 2016, the Supreme Court directed dismissal of the 2012 action as abandoned pursuant to CPLR 3215(c). That order was affirmed on appeal by a decision and order of this Court dated June 5, 2019 (see Deutsche Bank Natl. Trust Co. v Booker, 173 AD3d 683). The plaintiff's motion for leave to reargue the appeal was denied on December 23, 2019.
The plaintiff commenced this action on December 3, 2019, against the defendant, among others, to foreclose the same mortgage. The defendant interposed an answer in which he asserted various affirmative defenses, including that the action was time-barred, as well as counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and pursuant to Real Property Law § 282 for an award of counsel fees incurred in defending the action.
The defendant moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaims pursuant to RPAPL 1501(4) and Real Property Law § 282. In support of his motion, the defendant submitted evidence that the mortgage debt was accelerated in 2012, and that this action, commenced more than six years later, was time-barred. The defendant also argued that the plaintiff could not benefit from the savings provision of CPLR 205(a), because the plaintiff did not effect service on the defendant within six months after the termination of the 2012 action. In opposition to the motion, the plaintiff agreed that the statute of limitations had begun to run when the 2012 action was commenced, but argued that it was entitled to the savings provision of CPLR 205(a). The plaintiff argued, inter alia, that the six-month period never began to run, or, alternatively, that the termination of the 2012 action occurred on December 23, 2019, when its motion for leave to reargue its appeal was denied. In an order dated November 5, 2020, the Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The court determined that the six-month period afforded by CPLR 205(a) began to run when the appeals as of right were exhausted on June 5, 2019. The court determined that, since the plaintiff did not effect service upon the defendant within six months of that date, the plaintiff was not entitled to the benefit of the statute. As to that branch of the defendant's motion which was for summary judgment on his counterclaim pursuant to Real Property Law § 282 for an award of counsel fees, the court directed counsel for the defendant to file an affirmation detailing the services provided.
Thereafter, the defendant submitted his attorney's affirmation, requesting a counsel fee award in the sum of $6,675. The plaintiff opposed the application. The plaintiff also moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendant and to deem such service timely nunc pro tunc. In an order dated July 8, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion, and, upon the order dated November 5, 2020, directed the Westchester County Clerk Division of Land Records to remove the subject mortgage lien from its records. In a second order dated July 8, 2021, the court granted that branch of the defendant's motion which was for summary judgment on his counterclaim pursuant to Real Property Law § 282 for an award of counsel fees to the extent of directing the plaintiff to pay him counsel fees in the sum of $6,075. The plaintiff appeals.
The plaintiff contends that at the time that it commenced this action, the six-month [*3]period under CPLR 205(a) had not yet begun to run and, therefore, the Supreme Court erred in determining that it could not benefit from the savings provision of CPLR 205(a). This contention is without merit. Under both CPLR 205(a) and the newly enacted CPLR 205-a, when a timely-commenced action has been dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may commence a new action within six months after the termination of the prior action, subject to certain conditions and exceptions not at issue here. The Court of Appeals has held "that a prior action terminates for purposes of CPLR 205 (a) when an appeal taken as of right is exhausted" (Malay v City of Syracuse, 25 NY3d 323, 325; see Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1016-1017). Therefore, the court properly concluded that the 2012 action terminated within the meaning of CPLR 205(a) on June 5, 2019, the date that the plaintiff's sole nondiscretionary appeal was exhausted (see Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d at 1017). Since the plaintiff's contention regarding the termination of the 2012 action is without merit whether CPLR 205(a) or CPLR 205-a is applied, we need not reach the question of whether the more stringent requirements of the newly-enacted CPLR 205-a are applicable to this case (see U.S. Bank N.A. v Corcuera, 217 AD3d 896).
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of its motion which was pursuant to CPLR 306-b to extend the time to serve the defendant and to deem such service timely nunc pro tunc. Since the action was time-barred, the court was without authority to extend the plaintiff's time to serve the summons and complaint upon the defendant (see CPLR 201; Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774, 776; Quinones v Neighborhood Youth & Family Servs., Inc., 71 AD3d 1106).
Furthermore, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment on his counterclaim pursuant to Real Property Law § 282 for an award of counsel fees. Contrary to the plaintiff's contention, the defendant's submissions were sufficient to permit the court to make an informed assessment of the reasonable value of the legal services rendered, and the record supports the court's determination as to reasonable compensation (see generally Purmm Capital Corp. v 697 Evergreen Avenue, Inc., 172 AD3d 1414, 1415; Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 780). However, the award must be reduced by the sum of $300, the amount charged by the defendant's counsel for appearing at a residential foreclosure settlement conference, since recovery of such a fee is barred by CPLR 3408(h).
The plaintiff's remaining contentions either are improperly raised for the first time on appeal and/or in reply (see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 948), are without merit, or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court